**FILED**
**February 11, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 24-62** (Wirt County CC-53-2022-F-11)

**William Logan Schofield,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner William Logan Schofield appeals his sentence for third offense domestic battery, as set forth in Circuit Court of Wirt County's sentencing order entered on November 20, 2023.[1] The petitioner argues that the court erred when it denied the petitioner's motion for an alternative sentence. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In June 2022, the petitioner was indicted for two counts of third offense domestic battery and one count of child abuse resulting in injury. In December 2022, the petitioner entered an *Alford*[2] plea to one count of third offense domestic battery, W. Va. Code § 61-2-28(d), in exchange for dismissal of the other two charges. In the plea agreement, the State recommended a term of probation "so long as the Defendant does not test positive for illegal controlled substances prior to sentencing." The petitioner submitted urinalysis screens as a part of the circuit court's presentence investigation. In December 2022, the petitioner tested positive for alcohol consumption, and in January 2023, he tested positive for amphetamine, methamphetamine, and fentanyl. The petitioner failed to appear at his sentencing hearing in February 2023, and the court issued a capias warrant for his arrest. The petitioner was subsequently arrested, and the court held a sentencing hearing in November 2023.

---

[1] The petitioner appears by counsel Reggie R. Bailey. The State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970); Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) (holding that a criminal defendant may plead guilty to a crime "even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

At the sentencing hearing, the petitioner provided a letter to the circuit court from Recovery Point in Huntington, West Virginia, which indicated that the petitioner was accepted into a long-term recovery program on November 8, 2023, with a bed available on November 20, 2023. The petitioner admitted that he had a "long history of speed addiction" and he did not contest his positive drug screen for amphetamine and methamphetamine, but he did claim that he did not drink alcohol or use fentanyl. The petitioner's counsel argued that the petitioner "would benefit from treatment" and asked the court to allow the petitioner to go to Recovery Point instead of prison. After hearing the arguments of counsel, the court found "competence in the results of the drug and alcohol screens" and noted that the petitioner "violated his plea agreement by testing positive[.]" The court also found that the petitioner has a "long criminal record" and that he failed to appear at his sentencing hearing in February 2023. The court sentenced the petitioner to one to five years of imprisonment and denied his motions for probation and alternative sentencing.[3]

The petitioner now appeals the circuit court's sentencing order, arguing that the court erred when it denied his request for an alternative sentence because he "admitted having a substance abuse issue" and he would benefit from inpatient treatment. Appellate review of a sentence is limited to determining whether it is within statutory limits and if it was based on an impermissible factor. Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). We have explained that impermissible factors at sentencing include "race, sex, national origin, creed, religion, and socioeconomic status[.]" *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted). Because the petitioner does not assert that the circuit court considered any impermissible factors when he was sentenced, the only question appropriate for our review is whether his sentence is within the applicable statutory limits. It is. Accordingly, we affirm.

Affirmed.

**ISSUED:** February 11, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] *See* W. Va. Code § 61-2-28(d) (providing that the penalty for "a third or subsequent" conviction for domestic battery is one to five years of imprisonment and/or a $2,500 fine).